J-S01005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANUPAMA KOORAPATI | : | |
| | : | |
| Appellant | : | No. 1365 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 18, 2018
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-SA-0000020-2018

BEFORE:   PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED JULY 03, 2019**

Appellant, Anupama Koorapati, appeals *pro se* from the judgment of sentence entered in the Berks County Court of Common Pleas, following her summary conviction for defiant trespass.[1] We affirm.

The relevant facts and procedural history of this case are as follows. Custom Processing Services ("CPS") is a business owned by Jeffrey Klinger and Gregg Shemanski. Appellant hired CPS to run a product trial for her business in 2015. Afterward, CPS and Appellant discussed the possibility of conducting other product trials. However, CPS ultimately declined to engage in a further business relationship with Appellant.

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3503(b)(1)(i).

Appellant continued to pursue a relationship with the company, and was repeatedly rebuffed. Klinger emailed Appellant and again advised her that CPS was not interested in maintaining a business relationship with her company. He later informed Appellant she was not permitted to visit the CPS office, that any such visit would constitute a trespass on their private property, and that CPS would involve the police if Appellant visited the office. Appellant responded to this email by asking Klinger to finalize a deal with her company, and attempting to arrange a meeting at the CPS office. CPS retained the services of a law firm, who sent Appellant a cease and desist letter requesting that she discontinue her efforts to contact CPS.

Several days later, Appellant arrived at the CPS premises, accompanied by a man she described as her security detail. Appellant asked to speak with Klinger and Shemanski. The receptionist recognized Appellant, and called Shemanski. Shemanski advised the receptionist to tell Appellant that she could either speak with CPS's lawyer on the phone, or leave the premises. Appellant chose to leave. CPS later informed the police of Appellant's visit, and Appellant was cited for defiant trespass.

Appellant filed a summary appeal, and retained counsel. The trial court conducted a bench trial, at which Klinger and CPS's receptionist testified. The Commonwealth also introduced the emails between Appellant, Klinger, and

CPS's counsel into evidence. The trial court found Appellant guilty of defiant trespass following actual communication to the actor.[2]

Appellant filed a timely notice of appeal. The trial court ordered her to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). While Appellant did file a statement in response to the order, it consisted of several paragraphs recounting the facts of the case, including an irrelevant dispute with the responding police officer's description of Appellant in his report. The trial court interpreted this winding statement to challenge the sufficiency of the evidence sustaining her conviction, and the alleged violation of Appellant's rights under the Constitutions of Pennsylvania and United States. This appeal is now properly before us.

Appellant presents the following statement of questions involved for our review:

> Whether the Lower Court erred to understand from Commonwealth:
>
> (a) the history and scope of the business relationship between the accused and the accuser;
>
> (b) accuracy of the facts recorded on the Citation #R1339085-6 regarding actual time of trespassing; ethnicity of [Appellant] and, number of people;
>
> (c) proof of necessary criminal intent beyond a reasonable doubt;
>
> [(]d) disrespect for civil rights[.]

Appellant's Brief, at 5.

---

[2] 18 Pa.C.S.A. § 3503(b)(1)(i).

Appellant's disjointed argument section, in which she attempts to flesh out the above issues, is not divided into subparts. Further, much of the argument section is devoted to a recapitulation of the facts favorable to Appellant. *See* Appellant's Brief, at 12-16.

We understand these arguments to dispute the sufficiency of the evidence sustaining her conviction for trespass, and to claim statutory defenses to trespass under 18 Pa.C.S.A. § 3503(c)(2)-(3). *See* Appellant's Brief, at 16-20.

This Court has discretion to quash or dismiss an appeal where a party's brief fails to conform to the requirements set forth by our Rules of Appellate Procedure. *See Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005); Pa.R.A.P. 2101.

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*Commonwealth v. Vurimindi*, 200 A.3d 1031, 1037 (Pa. Super. 2018) (citation omitted).

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority[.]" *Commonwealth v. Richard*, 150 A.3d 504, 513 (Pa. Super. 2016) (citation omitted). "[W]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific

issues for review, a court will not consider the merits thereof." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted).

Appellant's brief fails to comply with our Rules of Appellate Procedure. Nevertheless, these defects do not wholly prevent us from conducting meaningful review. To the extent we are able to understand her arguments, we will evaluate these – namely, her contentions regarding the sufficiency of the evidence and relevant statutory defenses.

As for Appellant's attempts to contest the accuracy of the facts recorded in the responding police officer's citation, Appellant conceded at trial and maintains in her brief that she was present at the CPS office on July 25, 2017. We cannot see how any recorded discrepancies in the precise timing of the incident on that day, Appellant's ethnicity, or presence of Appellant's bodyguard present an appealable issue in challenging her conviction. Further, Appellant's inclusion of inapplicable extracts from both the Pennsylvania and United States Constitutions in her argument section, including entitlement to bail and the right to a grand jury in cases involving capital crimes, does not present any cognizable question for our review. Thus, we will not address these claims.

We begin with Appellant's sufficiency claim. "The determination of whether sufficient evidence exists to support the verdict is a question of law; accordingly, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Edwards***, 177 A.3d 963, 969 (Pa. Super. 2018)

(citation omitted). The reviewing court evaluates "whether viewing all the evidence admitted at trial [] in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Stiles*, 143 A.3d 968, 981 (Pa. Super. 2016) (brackets in original; citation omitted). This Court may not substitute its own judgment for that of the fact-finder. *See id*.

A person commits the offense of criminal trespass if, "knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by … actual communication to the actor[.]" 18 Pa.C.S.A. § 3503(b)(1)(i). Evidence that an appellant was informed multiple times that he was unwelcome on private property and thereafter intruded on the property is sufficient to sustain a conviction for defiant trespass. *See Commonwealth v. Bennett*, 124 A.3d 327, 331 (Pa. Super. 2015). Further, a person once welcome on private property may have that access rescinded and become subject to a defiant trespass charge if he continues to intrude. *See Commonwealth v. Downing*, 511 A.2d 792, 795 (Pa. 1986).

Here, the Commonwealth presented evidence to show that Appellant received an email from Klinger, an owner of CPS, telling her that she was unwelcome on CPS premises. *See* Commonwealth's Exhibit 1. The email was dated June 27, 2016. In it, Klinger informed Appellant that any intrusion on CPS property would be considered criminal trespass, and implored Appellant not to come to the building. Klinger stated that he would call the police to

escort Appellant off the property if she chose to come. Klinger asked Appellant to respond to the email and confirm that she would not trespass.

Appellant responded to the email the same day, but made no mention of Klinger's warning. Instead, she harangued Klinger about his attitude toward her. Incredibly, Appellant followed this email with a second email on June 28, proposing a meeting with Klinger on CPS premises the next day. Klinger did not respond.

On July 17, 2016, an attorney retained by CPS emailed Appellant at the same email address Appellant used to correspond with Klinger. **See** Commonwealth's Exhibit 2. The attorney's email instructed Appellant to cease and desist all attempts to communicate with CPS. Appellant did not reply. The very next day, the attorney again emailed Appellant to request that she stop sending packages to CPS, and to cease all efforts to contact CPS. The attorney reminded Appellant that any entry onto CPS property would constitute trespass, and she informed Appellant that CPS would contact the authorities in the event of a trespass. Again, Appellant did not reply.

Appellant entered the CPS offices on July 25, 2017, requesting a meeting with Klinger and Shemanski. Appellant had a man she referred to as her "security" in tow. CPS's receptionist called Shemanski, who instructed her to call CPS's attorney. The receptionist did so, and informed Appellant that she could either speak with CPS's attorney or leave. Appellant left. CPS later contacted police, who issued a citation to Appellant for defiant trespass.

Based on the foregoing, the Commonwealth presented sufficient evidence to sustain Appellant's conviction for defiant trespass. Appellant was repeatedly, personally informed that she was unwelcome on CPS property. Nevertheless, she came to the CPS offices after this warning.

Appellant's contention that she did not receive the email from CPS's attorney and was thus unaware of this notice is unavailing. Even if Appellant had not seen the attorney's email, which was sent to Appellant's personal email address, she received *and replied to* Klinger's email. Klinger's email expressly informed Appellant that she was not permitted on CPS property. Therefore, Appellant's decision to enter the premises despite this warning constituted defiant trespass.

Appellant's attempt to raise statutory defenses to this crime also cannot succeed. Appellant contends the CPS office was open to members of the public under 18 Pa.C.S.A. § 3503(c)(2). At trial, Klinger testified that he and Shemanski own CPS, and that the CPS offices are a private facility controlled by himself and Shemanski. N.T. Trial, 7/18/18, at 4-7. The court found the CPS offices were "clearly private property." Trial Court Opinion, filed 9/18/18, at 4. Though Appellant may have lawfully been on the premises in the years before this incident, her earlier entry was the result of a then-ongoing business relationship. Appellant's earlier entry did not render the building public property under section 3503(c)(2). **See Commonwealth v. Downing**, 511 A.2d 792, 795 (finding section 3503(c)(2) inapplicable where defendant was clearly aware his license to use library had been revoked).

Appellant also contends she reasonably believed she had permission from Shemanski to be on the property under 18 Pa.C.S.A. § 3503(c)(3), as only Klinger had rescinded her invitation to CPS offices. This assertion is unpersuasive. Shemanski was copied on the email Klinger sent to Appellant, informing her that she would be trespassing if she came to the office. Appellant presented no evidence that Shemanski disagreed with Klinger's email. Instead, Appellant ignored the email informing her that she was unwelcome, and thereafter arrived at CPS offices. We cannot find Appellant's alleged belief that Shemanski would have permitted her to enter the premises reasonable under section 3503(c)(3). Appellant is therefore due no relief on this claim. Accordingly, we affirm her conviction.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/3/2019